UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    *Plaintiff,*

vs.                                                 Case No. 24-cr-50-JDP

STEVEN ANDEREGG,

    *Defendant.*

## SECOND PRETRIAL MOTION:  MOTION TO DISMISS COUNTS 1 AND 4

    Steven Anderegg, by counsel, moves to dismiss counts 1 and 4 of the Indictment. As argued in the omnibus brief in support of the pretrial motions, counts 1 and 4 of the Indictment violate Anderegg's First Amendment rights. In particular, the prosecution runs afoul of the Supreme Court's decision in *Georgia v. Stanley,* where the Supreme Court made two key observations concerning activities involving obscene materials that were located strictly inside the home.

    First, "the Georgia obscenity statute, insofar as it punishes mere private possession of obscene matter, violates the First Amendment, as made applicable to the States by the Fourteenth Amendment. For reasons set forth below, we agree that the mere private possession of obscene matter cannot constitutionally be made a crime."[1] That would preclude the government from bringing count 4.

---

[1] *Stanley v. Georgia,* 394 U.S. 557, 559 (1969).

Second, the "mere categorization of these films as obscene is insufficient justification for such a drastic invasion of personal liberties guaranteed by the First and Fourteenth Amendments. Whatever may be the justifications for other statutes regulating obscenity, we do not think they reach into the privacy of one's own home. *If the First Amendment means anything, it means that a State has no business telling a man, sitting alone in his own house, what books he may read or what films he may watch. Our whole constitutional heritage rebels at the thought of giving government the power to control men's minds.*"[2] The Supreme Court's holding precludes prosecuting Anderegg for what he may or may not have done within the confines of his home—including the allegations in count 1.

For the reasons expressed in the omnibus brief in support of the pretrial motions, the defense requests that Counts 1 and 4 be dismissed.

Dated this 23rd day of September, 2024.

        Respectfully submitted,

        STEVEN ANDEREGG, *Defendant*

        <u>*Electronically signed by Joseph A. Bugni*</u>
        Joseph A. Bugni
        *Wisconsin Bar No.* 1062514
        HURLEY BURISH, S.C.
        33 E. Main Street, Suite 400
        Madison, WI 53703
        (608) 257-0945
        jbugni@hurleyburish.com

---

[2] *Id.* at 565 (emphasis added).