UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    *Plaintiff*,

v.                                                                                                     Case No. 24CR50

STEVEN ANDEREGG,

    *Defendant*.

## SIXTH PRETRIAL MOTION:
## MOTION TO SUPPRESS AND REQUEST FOR A FRANKS HEARING

## TABLE OF CONTENTS

I. The search warrant application falsely alleged that a child in the images was prepubescent. ........................................................................................................... 1

   A. The search warrant application traces the relevant details to support searching Anderegg's Instagram account, phone, and home. ............................... 1

   B. When the defense establishes an affidavit contains false statements, they are entitled to a hearing and the evidence must be suppressed. ................................. 4

      i. The affidavit contains false statements that were essential to the warrant's issuing. ............................................................................................ 5

      ii. This was more than a slip of the pen, the false statements were made in reckless disregard for the truth. ............................................................................ 6

II. Conclusion. ............................................................................................................. 8

HURLEY, BURISH, S.C.

I. **The search warrant application falsely alleged that a child in the images was prepubescent.**

This is a basic *Franks* motion. Law enforcement told the Magistrate Judge that Anderegg had two AI-generated images of prepubescent minors whose penises were exposed. Whether images of prepubescent minors (as described in the search warrant) can constitute patently offensive, hard-core pornography is set out in the omnibus brief. This motion addresses a separate issue: whether it's a false statement to represent that the images portray a prepubescent minor. They don't. The images are AI-generated. The *faces* of the two "people" who are allegedly minors look young—early tweens, maybe a bit younger. But the rest of the bodies are those of post-pubescent males. The bodies have highly defined muscles—even if one is very slender. They also have body and pubic hair, which doesn't come unless someone has gone through puberty. Without the prepubescent representation, the search warrant could not issue. The next four pages try (as best they can) to explain what was alleged and what the images showed and why a *Franks* hearing and ultimately suppression are necessary.

A. **The search warrant application traces the relevant details to support searching Anderegg's Instagram account, phone, and home.**

For the most part, the search warrant affidavit turns on two images that Instagram flagged as obscene materials created through AI. Here are the two descriptions:

> This image depicted what appeared to be a prepubescent juvenile male kneeling on a blue blanket in a wooded area. The male was partially clothed, only wearing a baseball cap and white underwear. The male had his erect penis exposed through the opening in his underwear. In the background of the image were other clothed, pre or young pubescent children. The male was posed in a manner that made his erect penis the

1

Hurley, Burish, S.C.

> focal point of the image. This image appears to be computer-generated content.[1]
>
> This image depicted what appeared to be a different prepubescent juvenile male kneeling on a blue blanket in a wooded area leaning back on his hands with his legs spread far apart exposing his erect penis. The male had a blue cloth draped across his stomach, but other than that, was completely nude. There was a partially clothed juvenile female with brown hair kneeling to the left of the male looking over his shoulder at him. The male in this image was posed in a manner that made his penis the focal point of the image. This image appears to be computer-generated content.[2]

The judge was not shown the images and had to reply completely on the above description.

While the description should have been more fulsome to allow for the judge to engage in a "searching inquiry" into the obscenity question, the issue here is what did the image actually show about the male's age. And that's because when it comes to whether an image is obscene, age does (somewhat) matter: an image of a man having sex with a seventeen-year-old girl is *never* (without much, much more) going to be obscene, but an image of a man having sex with a seven-year-old girl is getting a lot, lot closer to that line. To be sure, there may be other aspects of the image that have serious value, such that the image is not obscene.[3] But sex between an adult and a seven-year-old is likely material that "goes *substantially* beyond customary limits of candor and affronts contemporary community standards of decency."[4] Again, it's not a done deal, but it's getting closer. So age does matter.

---

[1] Ex. A. to the omnibus brief at 11.
[2] *Id.*
[3] *Ashcroft v. Free Speech Coalition*, 535 U.S. 234, 247 (2002).
[4] *Miller v. California*, 413 U.S. 15, 31 (1973) (emphasis added).

2

Likewise, an image of a prepubescent minor versus a post-pubescent minor changes the inquiry. After all, "the visual depiction of an idea—that of teenagers engaging in sexual activity—that is a fact of modern society and has been a theme in art and literature throughout the ages."[5] The whole opinion in *Free Speech Coalition* speaks to the permissible and accepted themes of sexual expression involving minors.[6] So a non-violent sexual image of an AI-generated teenager would likely (if not most definitely) not be obscene. The younger you go, however, the less certain that statement becomes.

Here, the affidavit described a "prepubescent juvenile male"—that could mean a minor from ages 5–12. Yet, the image doesn't show anything close to that. It shows a *very* young face and a *very* mature body. Again, the body has strong muscular development, it has terminal hair and other body hair. All of which takes the figure to be anything but prepubescent. How old is the subject? No one knows because it's AI-generated so it exists outside of time—there's no birthday. It's a hodgepodge of parts, a young face and an older body and even a web address at the bottom with a series of random symbols and letters. It's AI-generated so, it's just not something that could be Tanner Scaled, and it's certainly not something that could be accurately described as "prepubescent."

---

[5] *Free Speech Coalition*, 535 U.S. at 246.  [6] *See id.*

## B. When the defense establishes an affidavit contains false statements, they are entitled to a hearing and the evidence must be suppressed.

As much as this case involves the world of AI-generated images of non-existent people, with a mashup of body parts, this is a simple motion that turns on first principles. This Court knows the law: search warrants can only issue on a showing of probable cause, and the Magistrate Judge's decision depends on the facts alleged in the search-warrant application—facts that are presumed to be both truthful and accurate.[7] When there are false statements in the affidavit, the defense must make a series of showings before an evidentiary hearing is granted and the search warrant suppressed. First, the defense must make a preliminary showing that there was a materially false statement in the underlying search warrant affidavit.[8] That is, the defense "must identify specific portions of the warrant affidavit as intentional or reckless misrepresentations."[9] Then, the defense must show that excising the false statements, the affidavit still wouldn't provide probable cause.[10] Put another way: a defendant is entitled to a hearing if the affidavit can't establish probable cause without the misrepresentations.[11] Here, the defense can meet both steps.

---

[7] *United States v. Taylor*, 63 F.4th 637, 648 (7th Cir. 2023).
[8] *Id.* at 649.
[9] *United States v. McMurtrey*, 704 F.3d 502, 509 (7th Cir. 2013) (citing *Franks v. Delaware*, 438 U.S. 154, 171 (1978)).
[10] *Id.*
[11] *Franks*, 438 U.S. at 155–56.

> i. **The affidavit contains false statements that were essential to the warrant's issuing.**

This much should be clear: the affidavit's key detail—that the image depicted a prepubescent male—is incorrect. Once you have muscular development and pubic hair you've hit puberty—no matter how young your face is. The next question in the analysis is whether the false statements were material. That is, taking out the false statements, would the search warrant still have issued? The answer is no. Excising the prepubescent statement from each description would leave these as the operative descriptions:

> This image depicted what appeared to be a prepubescent juvenile male kneeling on a blue blanket in a wooded area. The male was partially clothed, only wearing a baseball cap and white underwear. The male had his erect penis exposed through the opening in his underwear. In the background of the image were other clothed, pre or young pubescent children. The male was posed in a manner that made his erect penis the focal point of the image.[12]

> This image depicted what appeared to be a different prepubescent juvenile male kneeling on a blue blanket in a wooded area leaning back on his hands with his legs spread far apart exposing his erect penis. The male had a blue cloth draped across his stomach, but other than that, was completely nude. There was a partially clothed juvenile female with brown hair kneeling to the left of the male looking over his shoulder at him. The male in this image was posed in a manner that made his penis the focal point of the image.[13]

A juvenile male just means a minor.[14] An image of a minor with an exposed penis is not obscene—it's not patently offensive, hard-core pornography that goes *substantially* beyond customary limits of candor and affronts contemporary community standards of

---

[12] Ex. A. to the omnibus brief at 11.
[13] *Id.*
[14] 18 U.S.C. § 5031.

decency.[15] Without the statement that this is a "prepubescent minor" the search warrant doesn't issue.

To be clear, it's the defense's position that even *with* the prepubescent statement the warrant should not have issued, but it becomes even less likely (bordering impossible) if the affidavit contained the accurate statement: "the male featured is AI-generated and has a young, immature face, but muscular development and body hair that would establish he is post-pubescent yet cannot be placed on the Tanner Scale." Indeed, the judge would either have asked to see the images or thought: this is a seventeen-year-old boy with an exposed penis, how is that obscene?[16]

### ii. This was more than a slip of the pen, the false statements were made in reckless disregard for the truth.

Negligent mistakes or clerical errors are insufficient to warrant suppression; rather, the statements must have been made in reckless disregard for the truth. Reckless disregard for the truth means the affiant "had obvious reasons to doubt the veracity of the allegations."[17] Put differently, "when an officer continues a course despite having 'serious doubts as to the truth' or 'obvious reasons to doubt' the accuracy of his assertions, that is a reckless disregard for the truth."[18] This subjective inquiry probes the affiant's state of mind, and can be proven by "circumstances showing obvious reasons for the affiant to doubt the truth of the allegations."[19]

---

[15] *Miller*, 413 U.S. at 31.
[16] *Free Speech Coalition*, 535 U.S. at 248.
[17] *Id.* at 463.
[18] *United States v. Osterman*, 110 F.4th 928, 932 (7th Cir. 2024) (quoting *Betker v. Gomez*, 692 F.3d 854, 860 (7th Cir. 2012)).
[19] *United States v. Williams*, 718 F.3d 644, 650 (7th Cir. 2013)

Here, misrepresenting the image's content, even if the mistake is inadvertent, demonstrates reckless disregard for the truth. To be clear, this is a bizarre situation that likely had not arisen before—this is the first AI obscenity case in the country—and the search warrant image is copied-and-pasted from what Instagram provided law enforcement in the initial tip. But that doesn't mean the officer could bypass the need to be scrupulously precise, especially because it matters for the judge's analysis of the images.

After all, if the person in the image is a post-pubescent male with his penis exposed, then *how* or *why* would anyone consider that to be obscene? It's not just because that sort of image is featured in art collections, such as Warhol's work devoted to male anatomy, or seen in movies or HBO's widely popular series *Euphoria*, but also because it's *everywhere* on the internet. [20] Put differently, images of the sort described (especially when not of a prepubescent minor) are just not patently offensive, hard-core pornography that goes substantially beyond customary limits of candor and affronts contemporary community standards of decency. Thus, making the statement that the image is of a prepubescent minor had an effect on the search warrant issuing—a material effect.

---

[20] Andy Warhol, *Velvet and Beauty*; Kate Knibbs, *Did 'Euphoria' Have the Most Male Nudity in One Scene Ever?*, The Ringer (June 25, 2019), https://www.theringer.com/tv/2019/6/25/18744321/euphoria-male-nudity-locker-room-scene. Dan Simon, The Bare Essentials: Mr Skin Reveals How to Build a Business Doing What You Love, https://www.forbes.com/sites/dansimon/2014/09/02/the-bare-essentials-mr-skin-reveals-how-to-build-a-business-doing-what-you-love/ (interviewing founder of the movie-nudity-review site, Mr.Skin and Mr.Man); Katharina Buchholz, *How Much of the Internet Consists of Porn?*, Statista, https://www.statista.com/chart/16959/share-of-the-internet-that-is-porn/ (estimating that thirteen percent of web searches are for pornography).

**II.     Conclusion.**

The analysis in this case is straightforward. Consistent with *Franks* and its progeny, false statements are excised from a warrant application. And then the Court examines the affidavit and decides whether absent those statements the warrant could still issue. Here, crossing out the statement that the person in the image is prepubescent would mean that there's simply an AI created image of a juvenile male with his penis exposed. Nothing that would even hint at being obscene and a violation of the law. Thus, the defense is entitled to a hearing on this issue and the fruits of that warrant must be suppressed.

Dated this 8th day of November, 2024.

Respectfully submitted,

STEVEN ANDEREGG, *Defendant*

*s/ Joseph A. Bugni*

Joseph A. Bugni
Wisconsin Bar No. 1062514
jbugni@hurleyburish.com
HURLEY, BURISH, S.C.
P.O. Box 1528
Madison, WI  53701-1528