AO 93 (Rev. 11/13) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
### for the
### Western District of Wisconsin

| | | |
|---|---|---|
| In the Matter of the Search of | ) | |
| | ) | |
| Information associated with Facebook user ID Instagram | ) | Case No. 24-mj-5 |
| accounts dhyanax4dxm (Instagram UID: 60857847038) and | ) | |
| _dhyana_gg (Instagram UID: 55017690550) that is stored | ) | **SEALED** |
| at premises controlled by Meta Platforms, Inc. | ) | |

## SEARCH AND SEIZURE WARRANT

To:      Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following premises located in the Northern District of California in Menlo Park, California.

See the affidavit in support of this warrant and Attachment A.

The person or property to be searched, described above, is believed to conceal:

See the affidavit in support of this warrant and Attachment B.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the information described in Attachment B.

**YOU ARE COMMANDED** to execute this warrant on or before 2-12-24 *(not to exceed 14 days)*
☐ in the daytime  6:00 a.m. to 10 p.m. ☒ at any time in the day or night as I find reasonable cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to United States Magistrate Judge Stephen L. Crocker or United States Magistrate Judge Andrew R. Wiseman.

☒ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705, and order Meta Platforms, Inc. not to reveal to the subscriber either the existence of this warrant or of any disclosures made pursuant to the warrant before 3-29-24 (one year or less).

Date and time issued:
1-29-24 at 11:00 AM

*Judge's signature*

Madison, Wisconsin

Magistrate Judge Stephen L. Crocker
Magistrate Judge Andrew R. Wiseman

*AO 93  (Rev. 11/13) Search and Seizure Warrant (Page 2)*

| *Return* | | |
|---|---|---|
| Case No.:<br>24-mj-5 | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of: | | |

Inventory of the property taken and name of any person(s) seized:

| *Certification* |
|---|

      *I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.*

Date: _____        _____
                                                           *Executing officer's signature*

                                                     _____
                                                     *Printed name and title*

UNDER SEAL ATES-000129

## ATTACHMENT A

### Property to Be Searched

This warrant applies to information associated with Instagram accounts dhyanax4dxm (Instagram UID: 60857847038) and _dhyana_gg (Instagram UID: 55017690550) that is stored at premises owned, maintained, controlled, or operated by Meta Platforms, Inc., a company headquartered in Menlo Park, California.

UNITED STATES-000130

# ATTACHMENT B[1]

## Information to be disclosed by Instagram

To the extent that the information described in Attachment A is within the possession, custody, or control of Instagram, including any messages, records, files, logs, or information that have been deleted but are still available to Instagram, or have been preserved pursuant to a request made under 18 U.S.C. § 2703(f), Instagram is required to disclose the following information to the government for each user ID listed in Attachment A:

1.      All contact and personal identifying information, including full name, user identification number, birth date, gender, contact e-mail addresses, Instagram passwords, Instagram security questions and answers, physical address (including city, state, and zip code), telephone numbers, screen names, websites, and other personal identifiers.

2.      All past and current usernames associated with the account;

3.      All activity logs for the account and all other documents showing the user's posts and other Instagram activities;

---

[1] The United States, and its forensic and law enforcement partners (the government), will seize the information described herein only for investigative purposes and for probable discovery pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and Federal Rules of Criminal Procedure 16(a)(1)(E) and 26.2.  The government will examine the seized information to identify information that is relevant to the matter under investigation and will thereby exercise respect for the information owner's personal and Constitutional privacy interests.  Litigants are invited to contact the assigned AUSA to address privacy or other concerns.

UNITED STATES-000131

4.      All visual depictions (images and video files) uploaded by that user ID and all visual depictions uploaded by any user that have that user tagged in them along with any metadata identifying when and where the image or file was created and/or uploaded;

5.      All profile information; News Feed information; status updates; links to videos, photographs, articles, and other items; Notes; Wall postings; friend lists, including the friends' Instagram user identification numbers; groups and networks of which the user is a member, including the groups' Instagram group identification numbers; future and past event postings; rejected "Friend" requests; comments; gifts; pokes; tags; and information about the user's access and use of Instagram applications;

6.      All other records of communications and messages made or received by the user, including all private messages, chat history, video calling history, and pending "Friend" requests;

7.      Evidence indicating how and when the Instagram account was accessed or used, to determine the chronological and geographic context of account access, use, and events relating to the crime under investigation and to the Instagram account owner;

8.      Evidence indicating the Instagram account owner's state of mind as it relates to the crime under investigation;

9.      All location data associated with the account, including geotags;

10.     All "check ins" and other location information;

11.     All IP logs, including all records of the IP addresses that logged into the account;

12.     All records of the account's usage of the "Like" feature, including all Instagram posts and all non-Instagram webpages and content that the user has "liked";

13.     All information about the Instagram pages that the account is or was a "fan" of;

14.     All past and present lists of friends created by the account;

15.     All records of Instagram searches performed by the account;

16.     All information about the user's access and use of Instagram Marketplace;

17.     The types of service utilized by the user;

18.     The length of service (including start date) and the means and source of any payments associated with the service (including any credit card or bank account number);

19.     All privacy settings and other account settings, including privacy settings for individual Instagram posts and activities, and all records showing which Instagram users have been blocked by the account;

20.     All records pertaining to communications between Instagram and any person regarding the user or the user's Instagram account, including contacts with support services and records of actions taken;

21.     Records relating to who created, used, or communicated with the user ID, including records about their identities and whereabouts;

UNDER SEAL UNITED STATES-000133

22.     All user content created, uploaded or shared by the account, including any comments made by the account on photographs or other content;

23.     All photographs and images in the user gallery of the account;

24.     All data and information that has been deleted by the user;

25.     All information about connections between the account and third-party websites and applications.

Meta is hereby ordered to disclose the above information to the government within 14 days of issuance of this warrant.

AO 106 (Rev. 04/10) \Application for a Search Warrant

# UNITED STATES DISTRICT COURT
for the
Western District of Wisconsin

| | | |
|---|---|---|
| In the Matter of the Search of | ) | |
| | ) | |
| Information associated with Instagram accounts | ) | Case No. 24-mj-5 |
| dhyanax4dxm (Instagram UID: 60857847038) and | ) | |
| _dhyana_gg (Instagram UID: 55017690550) that is | ) | **SEALED** |
| stored at premises controlled by Meta Platforms, Inc. | ) | |

## APPLICATION FOR A SEARCH WARRANT

I, AUSA Elizabeth Altman, an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property:

See Attachment A.

located in the Northern District of California in Menlo Park, California, there is now concealed:

See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☒ evidence of a crime;
☒ contraband, fruits of crime, or other items illegally possessed;
☐ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 1466A | Production, distribution, or possession of explicit material |
| 18 U.S.C. § 1462(a) | Importation or transportation of obscene matter |
| 18 U.S.C. § 1470 | Transferring or attempting to transfer obscene material to a minor |
| 18 U.S.C. § 2252A | Distribution or possession of child pornography |

The application is based on these facts:  See attached Affidavit.

*Applicant's signature*
**AUSA Elizabeth Altman**
*Printed name and title*

Sworn to me Telephonically

Date:  1-29-24

*Judge's signature*
Magistrate Judge Stephen L. Crocker
Magistrate Judge Andrew R. Wiseman

Madison, Wisconsin

## AFFIDAVIT IN SUPPORT OF
## AN APPLICATION FOR A SEARCH WARRANT

I, Ryan Condon, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1.     I make this affidavit in support of an application for a search warrant for information associated with certain Instagram accounts that is stored at premises owned, maintained, controlled, or operated by Meta Platforms, Inc. (Meta), an electronic communications service and/or remote computing service provider headquartered in Menlo Park, California.  The information to be searched is described in the following paragraphs and in Attachment A.  This affidavit is made in support of an application for a search warrant under 18 U.S.C. §§ 2703(a), 2703(b)(1)(A), and 2703(c)(1)(A) to require Meta to disclose to the government copies of the records and other information in its possession, pertaining to the subscriber or customer associated with the ID identified in Attachment A.

2.     I am a Special Agent with the Wisconsin Department of Justice and have been since September of 2016.  I have received more than 500 hours of training in the investigation of computer-facilitated exploitation of children, and methods of forensic analysis of computers used in criminal activity. This training was provided by the Wisconsin Division of Criminal Investigation (DCI) and the United States Department of Justice Internet Crimes Against Children (ICAC) Training and Technical Assistance Program.  I have written more than 100 search warrant and subpoena applications over my law enforcement career.

3.      This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all my knowledge about this matter.

4.      Based on my training and experience and the facts as set forth in this affidavit, I submit there is probable cause to believe that violations of 18 U.S.C. §§ 1462(a), 1466A, 1470, and 2252A have been committed by the user or users of the Instagram account dhyanax4dxm ( SUBJECT ACCOUNT 1) and Instagram account _dhyana_gg (SUBJECT ACCOUNT 2) and that evidence related to these offenses is currently stored in the SUBJECT ACCOUNTS.  I further submit there is probable cause to search the information described in Attachment A for evidence, instrumentalities, contraband, and/or fruits of these crimes further described in Attachment B.

## JURISDICTION

5.      This Court has jurisdiction to issue the requested warrant because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711.  18 U.S.C. §§ 2703(a), (b)(1)(A), & (c)(1)(A).  Specifically, the Court is "a district court of the United States . . . that has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i).

## STATUTORY AUTHORITY

6.      This investigation concerns alleged violations of 18 U.S.C. §§ 1462(a), 1466A, 1470, and 2252A.

a.      18 U.S.C. § 1462(a) prohibits a person from using any interactive computer service (as defined in section 230(e)(2) of the Communications Act of 1934), for carriage in interstate or foreign commerce any obscene, lewd, lascivious, or filthy

2

ANDERER-GATES-000137

book, pamphlet, picture, motion-picture film, paper, letter, writing, print, or other matter of indecent character;

      b.     18 U.S.C. § 1466A(a) and (b) prohibit a person from knowingly producing, distributing, receiving, possessing with intent to distribute, or possessing a visual depiction of any kind, including a drawing, cartoon, sculpture, or painting, that depicts a minor engaged in sexually explicit conduct and is obscene or that depicts an image that is, or appears to be, of a minor engaging in graphic bestiality, sadistic or masochistic abuse, or sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex and lacks serious literary, artistic, political, or scientific value, or attempting or conspiring to do so, where: any communication involved in or made in furtherance of the offense is communicated or transported by the mail, or in interstate or foreign commerce by any means, including by computer, or any means or instrumentality of interstate or foreign commerce is otherwise used in committing or in furtherance of the commission of the offense; any communication involved in or made in furtherance of the offense contemplates the transmission or transportation of a visual depiction by the mail, or in interstate or foreign commerce by any means, including by computer; any person travels or is transported in interstate or foreign commerce in the course of the commission or in furtherance of the commission of the offense; any visual depiction involved in the offense has been mailed, or has been shipped or transported in interstate or foreign commerce by any means, including by computer, or was produced using materials that have been mailed, or that have been shipped or transported in interstate or foreign commerce by any means, including by computer; or the offense is

committed in the special maritime and territorial jurisdiction of the United States or in any territory or possession of the United States;

       c.      18 U.S.C. § 1470 prohibits a person from using the mail or any facility or means of interstate or foreign commerce to knowingly transfer obscene matter to another individual who has not attained the age of 16 years, knowing that such other individual has not attained the age of 16 years, or attempting to do so;

       d.      18 U.S.C. § 2252A(a)(2) and (b)(1) prohibit a person from knowingly receiving or distributing any child pornography using any means or facility of interstate or foreign commerce or that has been mailed, or has been shipped or transported in or affecting interstate or foreign commerce by any means, including by computer; or any material that contains child pornography using any means or facility of interstate or foreign commerce or that has been mailed, or has been shipped or transported in or affecting interstate or foreign commerce by any means, including by computer, or attempting or conspiring to do so;

       e.      18 U.S.C. § 2252A(a)(5)(B) and (b)(2) prohibit a person from knowingly possessing, or knowingly accessing with intent to view, any book, magazine, periodical, film, videotape, computer disk, or any other material that contains an image of child pornography that has been mailed, or shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer, or that was produced using materials that have been mailed, or shipped or transported in or affecting interstate or foreign commerce by any means, including by computer, or attempting or conspiring to do so;

4

f.      18 U.S.C. § 2256(2)(A) defines "sexually explicit conduct" to mean actual or simulated: sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; bestiality; masturbation; sadistic or masochistic abuse; or lascivious exhibit of the anus genitals, or pubic area of any person;

g.      18 U.S.C. § 2256(5) defines "visual depiction" to include undeveloped film and videotape, data stored on computer disk or by electronic means which is capable of conversion into a visual image, and data which is capable of conversion into a visual image that has been transmitted by any means, whether or not stored in a permanent format; and

h.      18 U.S.C. § 2256(8) defines "child pornography" to mean any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct; such visual depiction is a digital image, computer image, or computer-generated image that is, or is indistinguishable from, that of a minor engaging in sexually explicit conduct; or such visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaging in sexually explicit conduct.

## BACKGROUND ON THE NATIONAL CENTER FOR MISSING AND EXPLOITED CHILDREN'S CYBERTIPLINE

7.      Based on my training and experience, and publicly available information, I know that the National Center for Missing and Exploited Children (NCMEC) is a

nonprofit, nongovernmental organization in Alexandria, Virginia, that works with law enforcement on issues related to missing and sexually exploited children. One of the services provided and administered by NCMEC is its CyberTipline, which serves as the national clearinghouse for leads regarding sexual exploitation crimes against children.

8.      In addition to reports from the general public, reports are made by U.S. electronic service providers, which are required by U.S. federal law to report "apparent child pornography" to NCMEC via the CyberTipline (18 U.S.C. § 2258A) if they become aware of the content on their servers. Leads are reviewed by specially trained analysts, who examine and evaluate the reported content, add related information that may be useful to law enforcement, use publicly available search tools to determine the geographic location of the apparent criminal act, and ultimately provide all of the gathered information to the appropriate law enforcement agency for review and possible investigation.

9.      The CyberTipline receives reports, known as CyberTipline reports, on the following type of criminal conduct: possessing, manufacturing, and distributing child pornography; online enticement of children for sexual acts; child prostitution; sex tourism involving children; child sexual molestation; unsolicited obscene material sent to a child; misleading domain names; and misleading words or digital images on the Internet.

10.      The CyberTipline reports will vary in detail depending on the nature of the report, and which entity submits it. The reports can include information (1) relating to the identity of any individual who appears to have violated federal law by committing or attempting to commit the criminal conduct described above; (2) historical

information on when or how a customer or subscriber of an electronic service provider uploaded, transmitted, or received apparent child pornography; (3) geographical information on the involved individual or website, which may include the Internet Protocol (IP) Address or verified billing address or geographic identifying information, including area code or zip code; (4) any images of apparent child pornography; and (5) the complete communication containing any image of apparent child pornography.  *See* 18 U.S.C. § 2258A(b).

## **PROBABLE CAUSE**

11.     On Wednesday, November 8, 2023, I  reviewed two CyberTipline reports received by NCMEC related to SUBJECT ACCOUNT 1. The two reports were filed by Meta Platforms, which owns Instagram and Facebook, on October 12, 2023 (CyberTipline Report 176167714) and October 18, 2023, CST (CyberTipline Report 176484452). Meta Platforms reported that on or about October 8, 2023, SUBJECT ACCOUNT 1 distributed what appears to be Artificial Intelligence (AI) images depicting child sexual abuse material (CSAM) through an Instagram direct message to an account belonging to a juvenile.[1]

12.     According to the information provided by Meta in CyberTipline report 176484452, the account details for SUBJECT ACCOUNT 1 are as follows:

> Instagram Full Name: Dom
> Instagram Username: dhyanax4dxm

---

[1] Artificial intelligence (AI) **is** the ability of a digital computer or computer-controlled robot to perform tasks commonly associated with intelligent beings. The term is frequently applied to the project of developing systems endowed with the intellectual processes characteristic of humans, such as the ability to reason, discover meaning, generalize, or learn from past experience.

ANDERSON-BATES-000142

Instagram UID: 60857847038
DOB: June 19 2000
Age: 23
Gender: Male
Associated E-Mail Address: None
Associated Phone Number: None

13.     Meta also reported that SUBJECT ACCOUNT 1 had already posted numerous apparent AI images of minimally clothed minor boys or minor boys in bondage attire in August and September 2023, and that the user of SUBJECT ACCOUNT 1 follows another Instagram user whose biography states "......great to meet on telegram and talk about young boy addiction !!"

14.     According to information provided by Meta, the recipient of the apparently AI-generated CSAM was a 16-year-old boy (Minor A).[2]

15.     Meta also provided an excerpt of the Instagram conversation in which SUBJECT ACCOUNT 1 distributed the apparent AI images to the juvenile.  The details of the chat are as follows:

| Username | Date/Time | Message |
|---|---|---|
| Minor A | 09/26/23 2:46 p.m. PDT | Hey |
| dhyanax4dxm (IGID 60857847038) | 09/26/23 5:59 p.m. PDT | Hey |
| Minor A | 09/27/23 4:38 p.m. PDT | How are you? |
| dhyanax4dxm (IGID 60857847038) | 09/27/23 7:51 p.m. PDT | Ok I guess? |
| Minor A | 09/28/2023 4:25 a.m. PDT | How old are you? |
| Dhyanax4dxm (IGID 60857847038) | 09/28/2023 9:05a.m. PDT | Slightly old, why? |
| Dhyanax4dxm (IGID 60857847038) | 09/28/2023 9:05 a.m. PDT | Who are you? |
| Minor A | 09/28/2023 1:14 p.m. PDT | I was just wondering, my name is [Minor A] |

---

[2] As noted below, law enforcement determined he was actually 15 years old.

8

| dhyanax4dxm (IGID 60857847038) | 09/28/2023 1:14 p.m. PDT | Hi [Minor A] |
| Minor A | 09/28/2023 1:15 p.m. PDT | Hey Dom |
| dhyanax4dxm (IGID 60857847038) | 09/28/2023 1:15 p.m. PDT | So what's up? |
| Minor A | 09/28/2023 1:16 p.m. PDT | Nothing much, I was just wondering like who you were and how you got those kinds of pictures |
| dhyanax4dxm (IGID 60857847038) | 09/28/2023 1:17 p.m. PDT | Im no one in particular all the images I post are my creations |
| Minor A | 09/28/2023 1:17 p.m. PDT | Like you make them? Or are they AI generated |
| dhyanax4dxm (IGID 60857847038) | 09/28/2023 1:20 p.m. PDT | Yes, they are made with stable diffusion.[3] I create them in so far as I craft the prompts and control parameters of the ai nets |
| Minor A | 09/28/2023 1:21 p.m. PDT | Ohh okay |
| dhyanax4dxm (IGID 60857847038) | 09/28/2023 1:23 p.m. PDT | Don't hesitate to ask anything else, I'm kinda bored at the moment been a long day so far |
| Minor A | 09/28/2023 1:26 p.m. PDT | That's fair, I just got home from school about half an hour ago |
| dhyanax4dxm (IGID 60857847038) | 09/28/2023 1:44 p.m. PDT | So, what you up to now? |
| Minor A | 09/28/2023 2:15 p.m. PDT | Just kinda hanging out |
| Minor A | 10/04/2023 7:46 p.m. PDT | How often do you post? |
| Dhyanax4dxm (IGID 60857847038) | 10/04/2023 8:1 p.m. PDT | Varies a lot, haven't posted a while since telegram for banned and several of my posts were flagged |
| Minor A | 10/04/2023 8:31 p.m. PDT | Ohh okay |

---

[3] Based on my training, experience, and discussion with other law enforcement agents and personnel involved with similar investigations, I am aware that Stable Diffusion refers to an AI product or model that allows users to generate detailed images based on user-inputted textual descriptions or prompts. User prompts can include multiple sentences and can provide detailed instructions on the subject, content, setting, level of realism, and references that a user wishes to see in a generated image. Users can also utilize Stable Diffusion to alter an existing image based on similar user-inputted textual descriptions or prompts. The code for Stable Diffusion is open sourced, which generally means that users can use and modify the product without any restrictions.

| Minor A | 10/04/2023 8:31 p.m. PDT | Stable Diffusion can make up a lot of those kinds of pictures and stuff too |
|---|---|---|
| Minor A | 10/04/2023 8:32 p.m. PDT | It's on pc |
| dhyanax4dxm (IGID 60857847038) | 10/04/2023 8:40 p.m. PDT | I know, that's what I use to generate these images |
| Minor A | 10/04/2023 8:41 p.m. PDT | Ohh that makes sense |
| dhyanax4dxm (IGID 60857847038) | 10/04/2023 8:44 p.m. PDT | So how old are you? Forgot to ask after you asked me |
| dhyanax4dxm (IGID 60857847038) | 10/04/2023 8:54 p.m. PDT | Let me know if you have any special requests. Im bored and looking for inspiration so you might get a custom set |
| Minor A | 10/05/2023 4:47 a.m. PDT | I'm 15 |
| Minor A | 10/05/2023 4:48 a.m. PDT | Boys in the woods? |
| Dhyanax4dxm (IGID 60857847038) | 10/05/2023 6:23 a.m. PDT | What are the boys in the woods doing? |
| Minor A | 10/05/2023 6:25 a.m. PDT | Idk talking, hanging out, playing |
| dhyanax4dxm (IGID 60857847038) | 10/05/2023 6:53 a.m. PDT | What age boys? |
| Minor A | 10/05/2023 11:46 a.m. PDT | Pre teen so 12ish |
| Minor A | 10/05/2023 7:02 p.m. PDT | What are they wearing? |
| Dhyanax4dxm (IGID 60857847038) | 10/05/2023 8:16 p.m. PDT | � |
| dhyanax4dxm (IGID 60857847038) | 10/05/2023 8:16 p.m. PDT | � |
| Minor A | 10/06/2023 4:25 a.m. PDT | Okay |
| dhyanax4dxm (IGID 60857847038) | 10/06/2023 11:20 a.m. PDT | Sorry bro, life got busy for me, got a couple cooking up for you now |
| Minor A | 10/06/2023 11:45 a.m. PDT | You're good |

[...]

| dhyanax4dxm (IGID 60857847038) | 10/06/2023 12:35 p.m. PDT | Funny if you view in order you see me playing with different models, prompts, settings |
| Minor A | 10/06/2023 12:43 p.m. PDT | Cool! |
| Minor A | 10/06/2023 12:44 p.m. PDT | Yeah that's dope |
| dhyanax4dxm (IGID 60857847038) | 10/07/2023 7:36 p.m. PDT | Few more for ya |

| dhyanax4dxm (IGID 60857847038) | 10/07/2023 7:36 p.m. PDT | **This content showing apparant CSAM has been reported to NCMEC and received the following cybertip: 176167714** |
| Minor A | 10/07/2023 8:28 p.m. PDT | Preciate it |
| Minor A | 10/09/2023 9:45 a.m. PDT | The 3 to last one is my favorite |

16.     As shown in the excerpt above, at approximately 7:36 p.m. PDT on October 7, 2023, SUBJECT ACCOUNT 1 distributed content flagged by NCMEC as "apparent CSAM," which was reported to NCMEC by Meta Platforms and documented in CyberTipline report 176167714.  I have reviewed that report as well.  It contains, among other things, two images that SUBJECT ACCOUNT 1 sent in the above Instagram direct-message conversation.  According to CyberTipline report 176167714, the images were viewed by Instagram prior to their submission to NCMEC, and they depict the following:

**7FAN2cLkeMP2xxPn387320722_806770904522930_6064114663473091 139_o.jpg**
*This image depicted what appeared to be a prepubescent juvenile male kneeling on a blue blanket in a wooded area. The male was partially clothed, only wearing a baseball cap and white underwear. The male had his erect penis exposed through the opening in his underwear. In the background of the image were other clothed, pre or young pubescent children. The male was posed in a manner that made his erect penis the focal point of the image.  This image appears to be computer-generated content.*

**mCzQ7MseP4li6GPt384857462_616757293728570_2765743605773120 647_o.jpg**
*This image depicted what appeared to be a different prepubescent juvenile male kneeling on a blue blanket in a wooded area leaning back on his hands with his legs spread far apart exposing his erect penis. The male had a blue cloth draped across his stomach, but other than that, was completely nude. There was a partially clothed juvenile female with brown hair kneeling to the left of the male looking over his shoulder at him. The male in this image was posed in a manner that made his penis the focal point of the image.  This image appears to be computer-generated content.*

17.     According to Instagram, those two images were uploaded on October 7, 2023, at 9:36 p.m. CST and 9:35 p.m. CST, respectively, by SUBJECT ACCOUNT 1, utilizing IP address 147.219.156.74.  Instagram also advised that there was a login to

ANDEREGG-BATES-000146

SUBJECT ACCOUNT 1 utilizing that same IP address on October 1, 2023, at 9:08 p.m. CST.

18.     Law enforcement determined that this IP address resolved to Charter Communications.  On October 20, 2023, as part of this investigation, WI DOJ-DCI Program Policy Analyst (PPA) Jessica Cattaneo requested an Administrative Subpoena be issued to Charter Communications regarding records related to the following IP address:

147.219.156.74 on 10/02/2023 at 9:08 p.m. CST

147.219.156.74 on 10/08/2023 at 9:36 p.m. CST

147.219.156.74 on 10/08/2023 at 9:36 p.m. CST

19.     On October 30, 2023, Charter provided the requested records, which indicated that at those dates and times, IP address 147.219.156.74 was assigned to a Charter customer with the following subscriber information:

STEVE ANDEREGG
N6960 BICE AVE
HOLMEN, WI 546367202
STEVEA137@CHARTER.NET
STEVEA137@GMAIL.COM
(608) 769-1451

20.     Additionally, according to the information provided by Meta in the CyberTipline reports, the following Facebook/Instagram accounts are linked by device and/or IP address to SUBJECT ACCOUNT 1:

SUSPECT Facebook account:
Name: Steve Anderegg
Mobile Phone: +16087691451 (Verified)
Date of Birth: 07-05-1981
Approximate Age: 42
Email Address: bewolf.geo@yahoo.com (Verified)

ANDEREGG-BATES-000147

Email Address: stevea137@gmail.com (Verified)
Screen/User Name: steve.anderegg
ESP User ID: 529690284
Profile URL: https://www.facebook.com/steve.anderegg

SUSPECT Instagram account:
Instagram Full Name: Dom
Instagram Username: _dhyana_gg
Instagram UID: 55017690550
DOB: July 6 2009
Age: 14
Gender: Unknown
Associated E-Mail Address: None
Associated Phone Number: +16087691451

21.     The _dhyana_gg Instagram account (SUBJECT ACCOUNT 2) was referenced in another CyberTipline report numbered 138694255 based on information Instagram reported to NCMEC on November 12, 2022.  According to this report, SUBJECT ACCOUNT 2 received an image from another Instagram account via direct message on or about November 9, 2022, that Instagram flagged as depicting potential child pornography.  According to the report, Instagram did not review this image before submitting the information to NCMEC.

22.     Through open source searching, PPA Cattaneo was able to identify and locate Minor A.  On November 22, 2023,  the Georgia Bureau of Investigation (GBI) was able to confirm Minor A's identify.  GBI SA Trisha Cannon interviewed Minor A on December 18, 2023.  Minor A disclosed his date of birth was in 2008 and confirmed his Instagram username was the one in the conversation with SUBJECT ACCOUNT 1. Minor A reported talking through Instagram with an account that had the vanity name "KING AIDEN," who was posting "immoral and illegal" child pornography on KING AIDEN's public Instagram profile. Minor A stated that he discovered KING AIDEN's

ANDEREGG-STATES-000148

profile while searching for motorcycle pages in the Instagram search feature. Minor A thought he remembered the KING AIDEN profile as being the same as SUBJECT ACCOUNT 1. KING AIDEN told Minor A that KING AIDEN used the Prodia AI generator[4] to create AI images. Minor A stated he requested images of "boys in the woods." Minor A stated that KING AIDEN requested images of Minor A, who then sent a completely nude image of himself to KING AIDEN via Instagram's "vanish mode" function.

23.     In a subsequent phone call, Minor A told SA Cannon that he believed KING AIDEN and DOM were two separate people. However, based on my training and experience, and the fact that ANDEREGG has used multiple Instagram profiles, I believe they are likely the same person. Moreover, even if they are not the same person, information provided by Instagram shows that someone using ANDEREGG's account sent the apparently AI-generated images described above to Minor A, in violation of federal statute.

24.     SA Cannon obtained consent from the juvenile to search his electronic items, and located multiple AI generated CSAM images in the deleted folder.

25.     I am familiar with Steven Anderegg from a previous investigation in 2019. While reviewing law enforcement observations on the peer-to-peer file sharing network Freenet, I observed activity from an IP address requesting known files of child sexual abuse material. The internet subscriber for the suspect IP address resolved to Steven

---

[4] According to publicly available information, the Prodia AI generator is a free AI image generator that utilizes Stable Diffusion.

Anderegg at the address N6960 Bice Avenue, Holmen, WI. The IP address was observed requesting more than 40 files of known CSAM. The files ranged from prepubescent to young pubescent children engaged in sex acts.

26.     On April 28, 2020, agents with WI DOJ-DCI served a search warrant at Steven Anderegg's residence and collected numerous electronic items. During my interview with Anderegg, he admitted to using multiple peer-to-peer platforms to include Freenet. When asked about seeing CSAM online, Anderegg said "nothing really pops into my mind, but obviously there's lots that you can't really tell if they're 16, 19, or 20." Anderegg stated he didn't knowingly download any CSAM that law enforcement observed being requested over the Freenet network and said he was surprised they all came from one IP address, since he often reset, or unplugged and re-plugged his modem. Anderegg also admitted he would typically uninstall Freenet after every use and re-install it when he wanted to use it again but did not admit at any point to intentionally searching for or downloading CSAM.

27.     A full forensic exam was completed on Anderegg's devices seized during the search warrant. The examination uncovered two forensic artifacts labeled as "file:///Z:/11yo%20jacks%20off%20cums%20with%20sound.wmv" and "file:///Z:/NEW2009_9yboycum.wmv, " both of which contain terms that I know are indicative of CSAM.

28.     Files associated with Frostwire (an additional program Freenet users utilize to request files) were also found during the forensic examination, including files titled "Beryle Shirtless Boy Model (Preteen) (Model Promotions)," "David, Noah & Friends (Boy Candids – UPDATED)," and "Dennis at camp (boy candids)."

## BACKGROUND CONCERNING INSTAGRAM[5]

29.     Instagram and Facebook are services owned by Meta, a United States company and a provider of an electronic communications service as defined by 18 U.S.C. §§ 3127(1) and 2510.  Specifically, Instagram and Facebook are free-access social networking services, accessible through their website and their mobile applications, that allows subscribers to acquire and use Instagram and Facebook accounts, like the target account(s) listed in Attachment A, through which users can share messages, multimedia, and other information with other Instagram and Facebook users and the general public.

30.     Meta collects basic contact and personal identifying information from users during the Instagram and Facebook registration process.  This information, which can later be changed by the user, may include the user's full name, birth date, gender, contact e-mail addresses, physical address (including city, state, and zip code), telephone numbers, credit card or bank account number, and other personal identifiers. Meta keeps records of changes made to this information.

31.     Meta also collects and retains information about how each user accesses and uses Instagram and Facebook.  This includes information about the IP addresses used to create and use an account, unique identifiers and other information about devices and web browsers used to access an account, and session times and durations.

---

[5] The information in this section is based on information published by Meta on its Instagram website, including, but not limited to, the following webpages: "Privacy Policy," https://privacycenter.instagram.com/policy/; "Information for Law Enforcement," https://help.instagram.com/494561080557017; and "Help Center," https://help.instagram.com.

32.     Each Instagram and Facebook account is identified by a unique username chosen by the user.  Users can change their usernames whenever they choose but no two users can have the same usernames at the same time.  Instagram and Facebook users can create multiple accounts and, if "added" to the primary account, can switch between the associated accounts on a device without having to repeatedly log-in and log-out.

33.     Instagram and Facebook users can also connect their Instagram and Facebook accounts to utilize certain cross-platform features, and multiple Instagram accounts can be connected to a single Facebook account.  Instagram and Facebook accounts can also be connected to certain third-party websites and mobile apps for similar functionality.  For example, an Instagram user can "tweet" an image uploaded to Instagram to a connected Twitter account or post it to a connected Facebook account, or transfer an image from Instagram to a connected image printing service.  Meta maintains records of changed Instagram and Facebook usernames, associated Instagram and Facebook accounts, and previous and current connections with accounts on Meta and third-party websites and mobile apps.

34.     Instagram and Facebook users can "follow" other users to receive updates about their posts and to gain access that might otherwise be restricted by privacy settings (for example, users can choose whether their posts are visible to anyone or only to their followers).  Users can also "block" other users from viewing their posts and searching for their account, "mute" users to avoid seeing their posts, and "restrict" users to hide certain activity and prescreen their comments.  Instagram and Facebook

also allow users to create a "close friends list" for targeting certain communications and activities to a subset of followers.

35.     Users have several ways to search for friends and associates to follow on Instagram, such as by allowing Meta to access the contact lists on their devices to identify which contacts are Instagram users.  Meta retains this contact data unless deleted by the user and periodically syncs with the user's devices to capture changes and additions.  Users can similarly allow Meta to search an associated Facebook account for friends who are also Instagram users.  Users can also manually search for friends or associates.

36.     Each Instagram and Facebook user has a profile page where certain content they create and share (posts) can be viewed either by the general public or only the user's followers, depending on privacy settings.  Users can customize their profile by adding their name, a photo, a short biography (Bio), and a website address.

37.     One of Instagram's and Facebook's primary features is the ability to create, edit, share, and interact with photos and short videos.  Users can upload photos or videos taken with or stored on their devices, to which they can apply filters and other visual effects, add a caption, enter the usernames of other users (tag), or add a location. These appear as posts on the user's profile.  Users can remove posts from their profiles by deleting or archiving them.  Archived posts can be reposted because, unlike deleted posts, they remain on Meta's servers.

38.     Users can interact with posts by liking them, adding or replying to comments, or sharing them within or outside of Instagram and Facebook.  Users receive notification when they are tagged in a post by its creator or mentioned in a comment

(users can "mention" others by adding their username to a comment followed by "@").
An Instagram and Facebook post created by one user may appear on the profiles or
feeds of other users depending on a number of factors, including privacy settings and
which users were tagged or mentioned.

39.     An Instagram "story" is similar to a post but can be viewed by other users
for only 24 hours.  Stories are automatically saved to the creator's "Stories Archive" and
remain on Meta's servers unless manually deleted.  The usernames of those who
viewed a story are visible to the story's creator until 48 hours after the story was posted.

40.     Instagram and Facebook allow users to broadcast live video from their
profiles.  Viewers can like and add comments to the video while it is live, but the video
and any user interactions are removed from Instagram upon completion unless the
creator chooses to send the video to IGTV, Instagram's long-form video app.

41.     Instagram Direct, Instagram's messaging service, and Facebook
Messenger allows users to send private messages to select individuals or groups.  These
messages may include text, photos, videos, posts, videos, profiles, and other
information.  Participants to a group conversation can name the group and send
invitations to others to join.  Instagram and Facebook users can send individual or
group messages with "disappearing" photos or videos that can only be viewed by
recipients once or twice, depending on settings.  Senders cannot view their
disappearing messages after they are sent but do have access to each message's status,
which indicates whether it was delivered, opened, or replayed, and if the recipient took
a screenshot.  Instagram Direct and Facebook Messenger also enables users to video
chat with each other directly or in groups.

42.     Instagram and Facebook offer services such as Instagram Checkout and Facebook Pay for users to make purchases, donate money, and conduct other financial transactions within the Instagram platform as well as on Facebook and other associated websites and apps.  Instagram collects and retains payment information, billing records, and transactional and other information when these services are utilized.

43.     Instagram and Facebook have a search function which allows users to search for accounts by username, user activity by location, and user activity by hashtag. Hashtags, which are topical words or phrases preceded by a hash sign (#), can be added to posts to make them more easily searchable and can be "followed" to generate related updates from Instagram.  Meta retains records of a user's search history and followed hashtags.

44.     Meta collects and retains location information relating to the use of an Instagram or Facebook account, including user-entered location tags and location information used by Meta to personalize and target advertisements.

45.     Meta uses information it gathers from its platforms and other sources about the demographics, interests, actions, and connections of its users to select and personalize ads, offers, and other sponsored content.  Meta maintains related records for Instagram users, including information about their perceived ad topic preferences, interactions with ads, and advertising identifiers.  This data can provide insights into a user's identity and activities, and it can also reveal potential sources of additional evidence.

46.     In some cases, Instagram and Facebook users may communicate directly with Meta about issues relating to their accounts, such as technical problems, billing

inquiries, or complaints from other users. Social networking providers like Meta typically retain records about such communications, including records of contacts between the user and the provider's support services, as well as records of any actions taken by the provider or user as a result of the communications.

47.     For each Instagram and Facebook user, Meta collects and retains the content and other records described above, sometimes even after it is changed by the user (including usernames, phone numbers, email addresses, full names, privacy settings, email addresses, and profile bios and links).

48.     In my training and experience, evidence of who was using Instagram and from where, and evidence related to criminal activity of the kind described above, may be found in the files and records described above. This evidence may establish the "who, what, why, when, where, and how" of the criminal conduct under investigation, thus enabling the United States to establish and prove each element or, alternatively, to exclude the innocent from further suspicion. For example, the stored communications and files connected to an Instagram account may provide direct evidence of the offenses under investigation. Based on my training and experience and as explained above, instant messages, voice messages, photos, videos, and documents are often created and used in furtherance of criminal activity, including to communicate and facilitate the offenses under investigation.

49.     In addition, the user's account activity, logs, stored electronic communications, and other data retained by Meta can indicate who has used or controlled the account. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence. For example,

21

subscriber information, messaging logs, photos, and videos (and the data associated with the foregoing, such as date and time) may be evidence of who used or controlled the account at a relevant time. As an example, because every device has unique hardware and software identifiers, and because every device that connects to the Internet must use an IP address, IP address and device identifier information can help to identify which computers or other devices were used to access the account. Such information also allows investigators to understand the geographic and chronological context of access, use, and events relating to the crime under investigation. That information is especially important in a case like this one, where, as described above, there is reason to believe that the user of the SUBJECT ACCOUNTS is utilizing an alias to conceal their identity.

50.     Account activity may also provide relevant insight into the account owner's state of mind as it relates to the offenses under investigation. For example, information on the account may indicate the owner's motive and intent to commit a crime (e.g., information indicating a plan to commit a crime), or consciousness of guilt (e.g., deleting account information in an effort to conceal evidence from law enforcement).

51.     Other information connected to the use of Instagram may lead to the discovery of additional evidence. For example, associated and linked accounts, stored communications, photos, and videos may reveal services used in furtherance of the crimes under investigation or services used to communicate with co-conspirators. In addition, stored communications, contact lists, photos, and videos can lead to the identification of co-conspirators and instrumentalities of the crimes under investigation,

22

including other individuals to whom the user of the SUBJECT ACCOUNTS may be sending CSAM-related files.

52.    Therefore, Meta's servers are likely to contain stored electronic communications and information concerning subscribers and their use of Instagram.  In my training and experience, such information may constitute evidence of the crimes under investigation including information that can be used to identify the account's user or users.

## CONCLUSION

53.    Based on the forgoing, I request that the Court issue the proposed search warrant.

54.    Pursuant to 18 U.S.C. § 2703(g), the presence of a law enforcement officer is not required for the service or execution of this warrant.  The government will execute this warrant by serving the warrant on Meta.  Because the warrant will be served on Meta, who will then compile the requested records at a time convenient to it, reasonable cause exists to permit the execution of the requested warrant at any time in the day or night.


_____

Ryan Condon
Special Agent
WI DOJ-DCI

Telephonically sworn before me this __29th__ day of January 2024.

_____

Honorable STEPHEN L. CROCKER
Honorable ANDREW R. WISEMAN
United States Magistrate Judge

23

ANDERECG-BATES-000158

## ATTACHMENT A

### Property to Be Searched

This warrant applies to information associated with Instagram accounts dhyanax4dxm (Instagram UID: 60857847038) and _dhyana_gg (Instagram UID: 55017690550) that is stored at premises owned, maintained, controlled, or operated by Meta Platforms, Inc., a company headquartered in Menlo Park, California.

ANDERREGG-BATES-000159

## ATTACHMENT B[1]

## Information to be disclosed by Instagram

To the extent that the information described in Attachment A is within the possession, custody, or control of Instagram, including any messages, records, files, logs, or information that have been deleted but are still available to Instagram, or have been preserved pursuant to a request made under 18 U.S.C. § 2703(f), Instagram is required to disclose the following information to the government for each user ID listed in Attachment A:

1.      All contact and personal identifying information, including full name, user identification number, birth date, gender, contact e-mail addresses, Instagram passwords, Instagram security questions and answers, physical address (including city, state, and zip code), telephone numbers, screen names, websites, and other personal identifiers.

2.      All past and current usernames associated with the account;

3.      All activity logs for the account and all other documents showing the user's posts and other Instagram activities;

---

[1] The United States, and its forensic and law enforcement partners (the government), will seize the information described herein only for investigative purposes and for probable discovery pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and Federal Rules of Criminal Procedure 16(a)(1)(E) and 26.2. The government will examine the seized information to identify information that is relevant to the matter under investigation and will thereby exercise respect for the information owner's personal and Constitutional privacy interests. Litigants are invited to contact the assigned AUSA to address privacy or other concerns.

ANDERSON-BATES-000160

4.      All visual depictions (images and video files) uploaded by that user ID and all visual depictions uploaded by any user that have that user tagged in them along with any metadata identifying when and where the image or file was created and/or uploaded;

5.      All profile information; News Feed information; status updates; links to videos, photographs, articles, and other items; Notes; Wall postings; friend lists, including the friends' Instagram user identification numbers; groups and networks of which the user is a member, including the groups' Instagram group identification numbers; future and past event postings; rejected "Friend" requests; comments; gifts; pokes; tags; and information about the user's access and use of Instagram applications;

6.      All other records of communications and messages made or received by the user, including all private messages, chat history, video calling history, and pending "Friend" requests;

7.      Evidence indicating how and when the Instagram account was accessed or used, to determine the chronological and geographic context of account access, use, and events relating to the crime under investigation and to the Instagram account owner;

8.      Evidence indicating the Instagram account owner's state of mind as it relates to the crime under investigation;

9.      All location data associated with the account, including geotags;

10.     All "check ins" and other location information;

ANDREGG-BATES-000161

11.     All IP logs, including all records of the IP addresses that logged into the account;

12.     All records of the account's usage of the "Like" feature, including all Instagram posts and all non-Instagram webpages and content that the user has "liked";

13.     All information about the Instagram pages that the account is or was a "fan" of;

14.     All past and present lists of friends created by the account;

15.     All records of Instagram searches performed by the account;

16.     All information about the user's access and use of Instagram Marketplace;

17.     The types of service utilized by the user;

18.     The length of service (including start date) and the means and source of any payments associated with the service (including any credit card or bank account number);

19.     All privacy settings and other account settings, including privacy settings for individual Instagram posts and activities, and all records showing which Instagram users have been blocked by the account;

20.     All records pertaining to communications between Instagram and any person regarding the user or the user's Instagram account, including contacts with support services and records of actions taken;

21.     Records relating to who created, used, or communicated with the user ID, including records about their identities and whereabouts;

ANBERG-BATES-000162

22.     All user content created, uploaded or shared by the account, including any comments made by the account on photographs or other content;

23.     All photographs and images in the user gallery of the account;

24.     All data and information that has been deleted by the user;

25.     All information about connections between the account and third-party websites and applications.


Meta is hereby ordered to disclose the above information to the government within 14 days of issuance of this warrant.