UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

     *Plaintiff,*

vs.             Case No. 24-cr-50-JDP

STEVEN ANDEREGG,

     *Defendant.*

---

## MOTION TO MODIFY BOND

---

Steven Anderegg, by counsel, files this motion for a modification of his bond. The government opposes this motion. Knowing there will be a contested hearing and that this Court is *very* familiar with the facts, the defense is keeping this short.

In mid-July, this Court released Anderegg on stringent conditions. His trial was supposed to start on February 18. Given the parties' extensive motion practice that was moved. A new trial date was set for April 7. In its omnibus order, the Court granted one of the defense's motions to dismiss and the government has now taken an interlocutory appeal. No one knows how long that will take. It could be years before Anderegg has his day in court. And the stringent conditions that he has been released on should not be status quo during all that time. The defense would thus request a hearing, and that Anderegg's conditions can be modified. To accommodate the government, the defense requests that the hearing be over zoom.

Hurley Burish, S.C.

The defense submits that the first plan originally submitted to the Court in June is more than adequate to ensure his presence in court and the community's protection. That plan is that he be allowed to live in the apartment he and his wife own, that he be placed on GPS monitoring, and no other electronic devices without probation's approval, and that he be allowed (with probation's approval) to work. That plan was originally rejected in favor of the one he was released on, but since then things have changed.

First, he's been out for eight months, and he's performed as the defense predicted: perfectly. Second, the flight-risk aspect is non-existent, if he was going to flee it would have been by now. Third, the risk that he allegedly poses to the community is addressed through the proposed conditions. He will be away from devices, he'll be away from minors, and he'll be on electronic monitoring. So those conditions should satisfy the Bail Reform Act's demands.

There is, however, one final point to stress: Anderegg is presumed innocent and he's now been out of work and away from his home for a year. This case has been hard fought, and it's going to trial. The parties clearly disagree on whether the images are obscene and whether *Stanley* extends to production. The Seventh Circuit may (like the Eleventh Circuit in *Ostrander* did) find that *Stanley's* reasoning applies equally to production.[1] If that happens, the government's case is limited to three images. Those images are not a slam dunk, as this Court observed: "[h]aving reviewed the images, the court concludes that the three images are not obviously outside the realm of the

---

[1] *Id.* at 19.

HURLEY BURISH, S.C.

obscene."[2] Not obviously outside the realm of obscene means: this is going to be jury question—maybe twelve citizens say yes, maybe not. But as Anderegg awaits that opportunity (maybe years down the line) his bond conditions should be modified, and he should be released on the proposed plan. It is the least restrictive set of conditions necessary to ensure his presence at court and the community's safety. Again, to accommodate the government's travel needs the defense requests that this hearing be conducted over zoom.

Dated this 27th day of March, 2025.

Respectfully submitted,

STEVEN ANDEREGG., *Defendant*

*Electronically signed by Joseph A. Bugni*
Joseph A. Bugni
*Wisconsin Bar No.* 1062514
HURLEY BURISH, S.C.
33 E. Main Street, Suite 400
Madison, WI 53703
(608) 257-0945
jbugni@hurleyburish.com

---

[2] *Id.* at 14.

HURLEY BURISH, S.C.