IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA

v.  Case No. 24-CR-50-JDP

STEVEN ANDEREGG,

DEFENDANT.

**GOVERNMENT'S RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION TO MODIFY BOND**

The United States of America, by and through undersigned counsel, respectfully submits this response in opposition to the defendant's motion to modify bond. Dkt. 83.

After receiving several filings and holding several hearings, the Court ordered the defendant released pending trial subject to certain conditions. Dkt. 34. One of these conditions requires that he live in a residence in Trempealeau, Wisconsin, with a third-party custodian approved by the Court. *Id.* at 3. The defendant proposed this location—where he reports having no access to the internet or minors, Dkt. 28—in response to the Court's instructions to develop an "airtight plan" to keep him "off of the internet … and away from children" if he wanted to be released pending trial. Dkt. 17. The defendant now seeks to modify these release conditions to permit him to live in an apartment that he owns with his wife in Onalaska, Wisconsin. Dkt. 83 at 2; *see also* Dkt. 14 at 2 (describing defendant's original proposed release plan). For the reasons that follow, the government opposes this request.

As an initial matter, the U.S. Probation Office already considered and rejected the defendant's proposal to live in this apartment. *Id.* at 5. According to the Probation Office, it is located directly across the street from an elementary school and is therefore an unsuitable place for him to live given the nature of the charges in this case, the nature of the charges in his La Crosse County case, and the nature of Wisconsin's prior investigation of him for child-pornography-related offenses. *Id.* As far as the government is aware, the Probation Office maintains its view that this apartment is not a suitable location for the defendant to live pending trial given the danger he poses to the community in general and minors in particular, *see* 18 U.S.C. § 3142(c), and the government agrees.

The government further opposes modifying the defendant's release conditions to permit him to live in this apartment because it would prevent the Court from ordering him to remain in the custody of a Court-designated individual. Specifically, in previously recommending his detention, the Probation Office noted that this apartment is too small to house both the defendant and a third-party custodian at the same time. Dkt. 14 at 5. Given the nature of the defendant's offense conduct here and in his La Crosse County case, and given the ubiquity of digital devices and the serious consequences that would follow if he were to reoffend in any way, it is critically important if he is not detained that he reside with a third-party custodian who the Probation Office and the Court deem fit to assume supervision of him and to report any violation of a release condition. *See* 18 U.S.C. § 3142(c)(B)(i). Because that is not feasible in his Onalaska apartment, the defendant's request to modify his conditions of release should be denied.

Finally, while the government recognizes that resolution of its interlocutory appeal may take several months, the defendant's prosecution in La Crosse County was recently set for trial beginning on October 27, 2025. *See Wisconsin v. Steven A. Anderegg*, Case No. 2024LC000185, *available at* https://wcca.wicourts.gov/caseDetail.html?caseNo=2024CF000185&countyNo=32&index=0&mode=details. The defendant's circumstances may well be materially different in just under seven months, or sooner if that case resolves before trial. It makes little sense to significantly alter the conditions of the defendant's release now simply because he asserts that they have thus far been successful. Doing so as he is entering the final stages of his state prosecution would create an unnecessary risk of non-appearance and danger to any other person and the community.

Accordingly, the United States respectfully requests that the Court deny the defendant's motion to modify his release conditions.[1]

Dated this 3rd day of April, 2025.

Respectfully submitted,

STEVEN J. GROCKI
Chief, Child Exploitation & Obscenity Section

By:   /s/ *William G. Clayman*
William G. Clayman
Trial Attorney

Ross B. Goldman
Trial Attorney

---

[1] Undersigned counsel appreciates the flexibility of the defense and the willingness of the Court to hold the hearing on the defendant's pending motion over videoconference. If the Court finds it necessary to hold this hearing or any future hearing in person in Madison for any reason, undersigned counsel will certainly make the necessary arrangements to have government counsel appear in person.