UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        *Plaintiff,*

vs.                                                                                  Case No. 24-cr-50-JDP

STEVEN ANDEREGG,

        *Defendant.*

## MOTION TO MODIFY BOND

Steven Anderegg, by counsel, files this motion for a modification of his bond to allow for supervised visits with his son. The government and probation oppose this motion. Knowing there will be a contested hearing and that this Court is *very* familiar with the facts, the defense is keeping this short.

In mid-July, this Court released Anderegg on stringent conditions. His trial was supposed to start on February 18. Given the parties' extensive motion practice that was moved. A new trial date was set for April 7. In its omnibus order, the Court granted one of the defense's motions to dismiss and the government has now taken an interlocutory appeal. No one knows how long that will take. It could be years before Anderegg has his day in court. And the stringent conditions that he has been released on should not be status quo during all that time. The defense would thus request a hearing, and that Anderegg's conditions can be modified. To accommodate the government, the defense requests that the hearing be over zoom.

At this hearing, the defense will request that the Court modify Anderegg's bond to have supervised visits with his son. A similar request was made in the State court and it was granted by the Judge there. It is attached as Exhibit A, and here is a screenshot of the relevant portion.

> Until further order of the court: No contact directly or indirectly by telephone, mail or through another individual, except through your attorney; stay away from residence and place of employment. This no contact condition refers to the following individuals: ANYONE UNDER THE AGE OF 18
> 8/27/24: COURT MODIFIES BOND TO ALLOW PHONE CONTACT WITH DEFENDANTS CHILD AS LONG AS DEFENDANT IS FOLLOWING FEDERAL RULES/BOND CONDITIONS.
> 4/30/25: COURT MODIFIES BOND TO ALLOW SUPERVISED VISITS WITH L.A. AT THE DISCRETION OF MOM.
>
> Other Conditions: BOND MODIFIED TO ALLOW USE OF DEVICES CAPABLE OF ACCESSING INTERNET FOR THE PURPOSE OF BUSINESS REASONS SUCH AS:  JOB APPLICATIONS/SEARCHES, VERIFYING UNEMPLOYMENT, BANKING, MEDICAL APPOINTMENTS, MYCHART, ETC

Thus, we are in a very strange position, where the Court that is dealing the underlying criminal case involving allegations with his son is allowing contact, but this Court has not. In addition, as the attached note from the boy's therapist makes clear, the therapist believes that it's the son's best interest to have supervised contact with Anderegg. That too is attached as Exhibit B. And besides the fact that the Court in La Crosse and the boy's therapist think supervised visits are a good idea, so too does Anderegg's wife--the boy's mother. That is a strong trifecta of voices that support this modification.

Again, the defense has solicited input from the government and probation and this modification is opposed. Thus, I would respectfully request a zoom hearing for the Court to consider the matter.

Hurley Burish, S.C.

Dated this 15th day of May, 2025.

        Respectfully submitted,

        STEVEN ANDEREGG., *Defendant*

        *Electronically signed by Joseph A. Bugni*
        Joseph A. Bugni
        *Wisconsin Bar No.* 1062514
        HURLEY BURISH, S.C.
        33 E. Main Street, Suite 400
        Madison, WI 53703
        (608) 257-0945
        jbugni@hurleyburish.com